UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VANESSA SPARKS, *et al.*,
    Plaintiffs,

vs.

MAYOR JOHN CRANLEY, *et al.*,
    Defendants.

Case No. 1:20-cv-713
Black, J.
Litkovitz, M.J.

**REPORT AND RECOMMENDATION**

In a fifty-seven-page complaint, plaintiffs bring this action against thirty-four defendants alleging twenty-two separate causes of action. (Doc. 1). This matter is before the Court on defendants' motions to dismiss (Docs. 8, 9, 11, 18), plaintiffs' response in opposition (Doc. 21), and defendants' reply memoranda (Docs. 24, 25).

Defendants move to dismiss plaintiffs' complaint on the basis that it fails to state a claim for relief under Fed. R. Civ. P. 12(b)(6). (Docs. 8, 9, 11, 18). Defendants additionally argue that any claims brought by named plaintiff People's Platform for Equality & Justice ("PPEJ") must be dismissed because PPEJ lacks associational standing. (Doc. 8 at PAGEID 7-9, Doc. 18 at PAGEID 199, 200).

A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id*. at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Although plaintiffs' pro se complaint alleges violations of various federal statutes[1], plaintiffs have failed to allege *any* facts showing how *any* of the defendants participated in *any* alleged violation of constitutional or statutory rights. Moreover, the complaint provides no factual content or context from which the Court may reasonably infer that any of the defendants violated plaintiffs' rights. *Iqbal*, 556 U.S. at 678. Plaintiffs' complaint consists entirely of documents surrounding previously filed lawsuits (Doc. 1 at PAGEID 6-7), letters and writings (PAGEID 8-11, 21, 43-47, 55-57), United States Postal Service documentation (PAGEID 12-13), newspaper articles (PAGEID 14-19), photographs (PAGEID 20), email communications (22-25), and property reports (PAGEID 26-42, 48-54).

Although the Court liberally construes pro se litigant filings, dismissal of a complaint is

---

[1] The Court notes that several of plaintiffs' causes of action have no basis in state or federal law, such as Collusion, Dishonor in Commerce, Manipulation of the Court, Deprivation of Character, Unconstitutional Profiteering, Not being a Good Neighbor or Good Corporation, Unfair Fees or Fines, and Nepotism. (Doc. 1 at PAGEID 5).

appropriate when it fails to "contain 'either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Hendrock v. Gilbert*, 68 F. App'x 573, 574 (6th Cir. 2003) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) (emphasis in original) (internal citations omitted)). Plaintiffs have not alleged sufficient factual content to enable the Court to conclude that the complaint states a plausible claim for relief against any of the defendants. *Twombly*, 550 U.S. at 555.

The Court is unable to discern from plaintiffs' complaint what any of the defendants specifically did, or failed to do, that caused plaintiffs' injuries and allegedly violated plaintiffs' rights under state or federal law.[2] *See Bradley v. Ruiz*, No. 1:20-cv-809, 2020 WL 4582699, at *1 (N.D. Ohio Aug. 10, 2020) (dismissing plaintiff's pro se complaint because it did "not set forth cogent factual allegations or legal claims against the defendants."); *Simmons v. Dailey*, No. 1:20-cv-810, 2020 WL 6334465, at *2 (S.D. Ohio Oct. 29, 2020), *report and recommendation adopted*, 2020 WL 6741438 (S.D. Ohio Nov. 17, 2020) ("Plaintiff has not alleged sufficient factual content for the Court to infer that defendant was personally involved or acquiesced in any unconstitutional behavior."); *Triplett-Fazzone v. United States*, No. 2:16-cv-1016, 2017 WL 4217160, at *4 (S.D. Ohio Sept. 19, 2017) ("even when providing a more liberal construction of plaintiff's Complaint and holding it to a less stringent standard than pleadings drafted by lawyers, her allegations fall far from presenting any plausible claim.").

---

[2] For this reason, the Court need not discuss defendants' additional basis for dismissal of plaintiffs' complaint that PPEJ lacks associational standing.

**IT IS THEREFORE RECOMMENDED THAT:**

Defendants' motions to dismiss (Docs. 8, 9, 11, 18) be **GRANTED**.

Date: 3/5/2021

Karen L. Litkovitz
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

VANESSA SPARKS, *et al.*,
    Plaintiffs,

vs.

MAYOR JOHN CRANLEY, *et al.*,
    Defendants.

Case No. 1:20-cv-713
Black, J.
Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).