UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| VANESSA SPARKS, *et al.*, | : | Case No. 1:20-cv-713 |
|     Plaintiffs, | : | |
| | : | Judge Timothy S. Black |
| vs. | : | |
| | : | Magistrate Judge Karen L. Litkovitz |
| MAYOR JOHN CRANLEY, *et al.*, | : | |
|     Defendants. | : | |

**DECISION AND ENTRY:
(1) ADOPTING THE REPORT AND RECOMMENDATIONS
OF THE UNITED STATES MAGISTRATE JUDGE (Doc. 32); (2) DISMISSING
PLAINTIFFS' COMPLAINT (Doc. 1); and (3) TERMINATING THIS CASE**

This case is before the Court pursuant to the Order of General Reference to United States Magistrate Judge Karen L. Litkovitz. Pursuant to such reference, the Magistrate Judge reviewed the pleadings filed with this Court and, on March 5, 2021, submitted a Report and Recommendations (the "Report"). (Doc. 32). Plaintiffs filed objections. (Doc. 35). Plaintiffs also submitted a "Motion of Appeal for Legal Council (sic)" (Doc. 30), objecting to the Magistrate Judge's decision denying their motion to appoint counsel. (Doc. 29).[1]

---

[1] Plaintiffs – Vanessa Sparks, Denise Hill, Stanford Poole, and The People's Platform for Equality and Justice – file documents on behalf of themselves and the other Plaintiffs. Specifically, nearly all substantive filings are signed by Plaintiff Sparks for herself and the other plaintiffs. Sparks appears to act as their "lead plaintiff." This is improper because Plaintiffs, including Sparks, are either non-lawyers or a company/group. As such, they cannot represent the rights of other plaintiffs. *See Olagues v. Timken*, 908 F.3d 200, 203 (6th Cir. 2018). Even so, for the purposes of this Order, and out of respect for judicial economy, the Court will consider the plaintiffs jointly for three reasons: (1) the Court could dismiss the claims made by Plaintiffs Hill, Poole, and the People's Platform as abandoned for failing to respond to the motions to dismiss or for asserting no objections to the Report; (2) the docket suggests that Hill, Poole, and the People's Platform seek to join Sparks on the merits (*see* Docs. 41, 45); and (3) the responses and objections are not well-taken, and thus the claims are properly dismissed.

As required by 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72(b), the Court has reviewed the comprehensive findings of the Magistrate Judge and considered *de novo* all of the filings in this matter. Upon consideration of the foregoing, the Court finds that the Report should be and is hereby adopted in its entirety.

## I. REVIEW OF REPORT AND OBJECTIONS

The Magistrate Judge recommended granting the Defendants' motions to dismiss (Docs. 8, 9, 11, 18) because, even liberally construing Plaintiffs' 57-page, 22-count complaint, the complaint "failed to allege *any* facts showing how *any* of the defendants participated in *any* alleged violation of constitutional or statutory rights." (Doc. 32 at 3 (emphases in original)). Plaintiffs object to the Report; however, this objection is not well-taken. (Doc. 35).

First, the objection is untimely, even in the face of the undersigned granting Plaintiffs two extensions (an additional 47 days) with which to respond to the Report. (*See* 4/6/2021 Notation Order, 4/21/2021 Notation Order). Second, the objection – which attaches 106-pages of purported evidence, *e.g.*, emails, news articles, filings from other court cases, and photographs – does nothing to cure Plaintiffs' failure to allege specific facts to specific defendants. (Doc. 35).[2] Third, the objection does not generally

---

[2] As recognized by the Magistrate Judge, many of the attachments to both Plaintiffs' objection and Plaintiffs' complaint arise from 2014 and were already presented to this Court in a case previously filed (and settled) by Plaintiff Sparks. *See Sparks, et al. v. City of Cincinnati*, No. 1:14-cv-612 (S.D. Ohio) (Dlott, J.; Litkovitz, M.J.). In that case, Sparks was originally represented by counsel; however, the Court notes that, after settlement, Sparks continued to file motions with the Court on her own through 2019. (Docs. 43, 50). Moreover, the other plaintiffs in that case, through counsel, were forced to seek a Court Order allowing them to disburse the settlement check without Sparks' endorsement because Sparks refused to sign the check, even after signing the settlement agreement. (Doc. 42).

demonstrate, let alone provide <u>specific</u> objections, demonstrating that the Magistrate Judge erred when making the recommendation to grant the motions to dismiss. *See* Fed. R. Civ. P. 72.

Accordingly, Plaintiffs' objection is **overruled**.

Also before the Court is Plaintiffs' motion to appeal, or object to, the Magistrate Judge's decision denying their motion to appoint counsel. (Docs. 29, 30). As the Sixth Circuit has explained:

> Appointment of counsel in a civil case is not a constitutional right. It is a privilege that is justified only by exceptional circumstances. In determining whether "exceptional circumstances" exist, courts have examined the type of case and the abilities of the plaintiff to represent himself. This generally involves a determination of the complexity of the factual and legal issues involved. Appointment of counsel pursuant to 28 U.S.C. § 1915(d) is not appropriate when a *pro se* litigant's claims are frivolous or when the chances of success are extremely slim.

*Lavado v. Keohane*, 992 F.2d 601, 605–06 (6th Cir. 1993) (internal citations and quotations omitted).

Plaintiffs' complaint fails to state any plausible claim for relief against any of the defendants. Moreover, as discussed by the Magistrate Judge, there is no way to "discern from plaintiffs' complaint what any of the defendants specifically did, or failed to do, that caused plaintiffs' injuries and allegedly violated plaintiffs' rights under state or federal law." (Doc. 32 at 3). This is not a case of exceptional circumstances. What presents before the Court indicates that Plaintiffs' indiscernible complaint asserts frivolous claims. Similarly, because Plaintiffs' complaint fails at the initial pleading stage, Plaintiffs have

3

an extremely slim, or nonexistent, chance of success. Thus, Plaintiffs' motion to appeal the Magistrate Judge's decision denying their request for counsel (Doc. 30) is **denied**.

Following this Order adopting the Report, no defendant remains in this case, the complaint must be dismissed, and this case is terminated. Thus, the Court will deny as moot the two remaining motions. (Docs. 41 and Doc. 45).

## II. CONCLUSION

Accordingly, for the reasons stated above:

1. Plaintiffs' objection (Doc. 35) is **OVERRULED**.

2. The Report and Recommendations (Doc. 32) is **ADOPTED**.

3. Defendants' motions to dismiss (Docs. 8, 9, 11, 18) are **GRANTED.** The complaint is **DISMISSED**.

4. Plaintiffs' motion of appeal for legal counsel (Doc. 30) is **DENIED**.

5. Plaintiffs' "motion for cease and desist on the sale of 18 Mulberry" (Doc. 41) and "motion for relief from harassment, threats & intimidation in re: 2143 Rice Street" (Doc. 45) are **DENIED** as moot.

6. The Clerk shall enter judgment accordingly, whereupon this case is **TERMINATED** from the docket of this Court.

Furthermore, while the Court gives some deference to *pro se* litigants, it will not permit any litigant to use the Court's resources to address filings clearly designed to harass the Court, opposing counsel, or the opposing party. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions. *See, e.g., Hiles v. NovaStar Mortg.*, No. 1:12-cv-392, 2016 WL 454895 (S.D. Ohio Feb. 5, 2016).

4

Here, Plaintiff Sparks, who has improperly represented all Plaintiffs in this case, has a history of submitting filings even after a case is terminated.  *See, e.g., Sparks, et al. v. City of Cincinnati*, No. 1:14-cv-612 (S.D. Ohio).  The filings in this case indicate the same, repetitive tactics.  The filings in this case also indicate a disregard for the rules of this Court, which rules *pro se* litigants still must follow.  There is "nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation."  *Feathers v. Chevon U.S.A., Inc.*, 141 F.3d 264, 269 (6th Cir. 1998).  To achieve these ends, the Sixth Circuit has approved enjoining vexatious and harassing litigants by requiring them to obtain leave of court before submitting additional filings.  *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).  Therefore, Plaintiffs must seek leave of Court before submitting any additional filings in this case.

**IT IS SO ORDERED.**

Date:   9/21/2021

s/Timothy S. Black
Timothy S. Black
United States District Judge